UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAUGAND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6551** |
| **WIGGINS, et al.** | **SECTION: "G"(1)** |

## ORDER

This litigation arises out of Plaintiff Neil Laugand's ("Plaintiff") claim for damages allegedly sustained when an automobile driven by Defendant James Wiggins ("Defendant") struck Plaintiff in the arm as he attempted to cross the street.[1] Plaintiff originally filed this action in the Civil District Court for the Parish of Orleans on March 10, 2017.[2] Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Upon review of this matter, it came to the Court's attention that the Court may not have subject matter jurisdiction over this matter. Even though Plaintiff has not filed a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[4] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[5]

On July 14, 2017, the Court ordered Defendant to submit summary-judgment-type

---

[1] Rec. Doc. 1-3 at 2.

[2] *Id*. at 1.

[3] Rec. Doc. 1 at 1, 3.

[4] *Union Planters Bank Nat'l Assoc. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[5] 28 U.S.C. § 1447(c).

1

evidence regarding the amount in controversy at the time of removal of this case for the purpose of establishing subject matter jurisdiction.[6] On July 21, 2017, Defendant filed a memorandum as to the jurisdictional amount.[7] For the reasons that follow, the Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000. Therefore, the Court lacks subject matter jurisdiction over the above-captioned matter and hereby remands it to state court.

### I. Background

*A.    Factual Background*

In the petition for damages, Plaintiff alleges that on March 11, 2016, he was working as a bell man for the 4 Points Sheraton Hotel located at 513 Bourbon Street, New Orleans, Louisiana.[8] Plaintiff further alleges that on March 11, 2016, he moved to cross Bourbon Street carrying guests' luggage, and seeing no approaching vehicles, entered the street.[9] According to Plaintiff, he then "suddenly saw a vehicle right upon him" and "felt an immediate pain shooting up his right arm."[10]

Plaintiff avers that he was hit in the right arm by the passenger mirror of Defendant's vehicle and suffered "debilitating injury due to [Defendant] driving faster than the twenty-five mile an hour speed limit on single lane streets as he travelled the wrong way on Bourbon Street."[11] Plaintiff avers that he told a police officer what happened and then immediately took a cab to the

---

[6] Rec. Doc. 8 at 4.

[7] Rec. Doc. 9.

[8] *Id.* at 1.

[9] *Id.* at 2.

[10] *Id.*

[11] *Id.*

2

hospital to have his arm examined.[12] According to Plaintiff, he has lost the use of his right arm due to the injury and has only been able to work "a few weeks since this debilitating injury to his arm."[13] Plaintiff states that his doctor has advised him to have surgery on his arm due to the intense pain.[14] Plaintiff also asserts that he has experienced "difficulties, challenges, and roadblocks in dealing with the Louisiana United Business Association Workers Compensation," (LUBAWC) and that LUBAWC refused Plaintiff compensation payments that he was entitled to under the law.[15]

Accordingly, Plaintiff alleges that he incurred past, present and future medical expenses; past, present and future pain and suffering; past, present and future mental anguish; past, present and future lost wages/earning capacity, and other pecuniary losses; loss of enjoyment of life; and loss of consortium caused by the negligence of Defendant.[16]

In the amended and supplemental petition for damages, Plaintiff alleged that he did not receive the workers compensation due to him because "LUBAWC had a doctor who placed [Plaintiff] as able to go back to work when he could not."[17]

## B.   *Procedural Background*

On March 10, 2017, Plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans.[18] On or about June 9, 2017 (the precise date is unclear from the face of the state

---

[12] *Id*.

[13] *Id.* at 2–3.

[14] *Id*. at 3.

[15] *Id.*

[16] *Id.* at 3–4.

[17] Rec. Doc. 1-4 at 1.

[18] Rec. Doc. 1-3.

3

court petition), Plaintiff filed a first amended and supplemental petition for damages.[19] On July 7, 2017, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[20] On July 14, 2017, the Court ordered Defendant to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal of this case for the purpose of establishing subject matter jurisdiction.[21] On July 21, 2017, Defendant filed a memorandum as to the jurisdictional amount.[22]

## II. Parties' Arguments

### A.   *Defendants' Notice of Removal*

In the Notice of Removal, Defendant asserts that the amount in controversy requirement is met.[23] Defendant contends that, while Plaintiff "does not itemize damages" in the petition for damages or amended petition, "based upon the numerous specific injury allegations" made by Plaintiff, "it is clear that the amount in controversy . . . exceeds the sum of $75,000 . . ."[24]

### B.   *Defendant's Memorandum Regarding the Amount in Controversy*

In the memorandum regarding amount in controversy, Defendant argues that it is "'facially apparent' at the time of removal that the claims of [Plaintiff] exceed $75,000.[25] Defendant points to the allegations made by Plaintiff in the Petition for Damages to support his argument.[26]

---

[19] Rec. Doc. 1-4.

[20] Rec. Doc. 1 at 1, 3.

[21] Rec. Doc. 8 at 4.

[22] Rec. Doc. 9.

[23] Rec. Doc. 1 at 3–4.

[24] *Id.*

[25] Rec. Doc. 9 at 3–4.

[26] *Id.* at 3.

Specifically, Defendant highlights that "plaintiff specifically alleged a recommendation for shoulder surgery."[27] Defendant also highlights that "plaintiff specifically alleged that, as a result of the accident sued upon, he has been unable to return to his regular employment for over a year."[28]

In further support of his argument that the amount in controversy exceeds $75,000, Defendant cites *Luckett v. Delta Airlines, Inc.*, a Fifth Circuit case, finding that "based solely upon the allegations by the plaintiff in her Petition for Damages, at the time of the removal of the matter, 'it is facially apparent that the claims are likely above $75,000.'"[29] Defendant concludes that "[l]ike the allegations in the Petition for Damages in *Luckett*, based solely upon the claims and allegations of [Plaintiff] in the instant matter, it is 'facially apparent' that the claims of [Plaintiff] are above $75,000."[30] Furthermore, Defendant contends that if the allegations are proven by a preponderance of the evidence at trial, it is an undisputed fact that under Louisiana law those claims would have a value in excess of $75,000.[31]

### III. Law and Analysis

*A.     Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[32] A federal court has subject matter jurisdiction over an action

---

[27] *Id*.

[28] *Id.*

[29] *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (internal citation and quotation marks are omitted)).

[30] *Id*.

[31] *Id.* at 3–4.

[32] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

"where the matter for controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[33] "When removal is based on diversity of citizenship, the diversity must exist at the time of the removal."[34] The removing party bears the burden of demonstrating that federal jurisdiction exists.[35] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[36] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[37]

Pursuant to Fifth Circuit precedent, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[38] When the plaintiff alleges a figure in excess of the required amount in controversy, "that amount controls if made in good faith."[39] If the plaintiff pleads less than the jurisdictional amount, this figure will also generally control, barring removal.[40]

---

[33] 28 U.S.C. § 1332(a)(1).

[34] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Prac. and Proc.* § 3723 (1998 ed.)).

[35] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[36] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[37] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[38] *See Allen*, 63 F.3d at 1335.

[39] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[40] *Id.*

However, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[41] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[42] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[43] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[44]

## B. Analysis

Defendant argues that it is facially apparent from Plaintiff's petition for damages that the amount in controversy exceeds $75,000.[45] When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[46] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the requisite amount."[47]

---

[41] See La. Code Civ. P. art. 893.

[42] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *see also Allen*, 63 F.3d at 1335.

[43] *Simon*, 193 F.3d at 850 (quoting *Luckett*, 171 F.3d 295); *see also Allen*, 63 F.3d at 1335.

[44] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[45] Rec. Doc. 9 at 3–4.

[46] Gebbia, 233 F.3d at 882.

[47] *Simon*, 193 F.3d at 850.

In the July 14, 2017 Order, the Court found that it is not facially apparent from the pleadings that Plaintiff's injuries exceed $75,000.[48] The petition for damages and amended petition for damages do not provide specifics as to what medical treatment Plaintiff received prior to removal or the medical costs associated with Plaintiffs' injuries. The pleadings also do not provide specifics on any other element of the damages alleged by Plaintiff that would establish that the amount in controversy requirement is met.

Because it is not facially apparent from the pleadings that the requisite amount in controversy is met, Defendant must "set[] forth facts in controversy that support a finding of the requisite amount."[49] In the memorandum regarding the amount in controversy, Defendant only sets forth the following facts: "plaintiff specifically alleged a recommendation for shoulder surgery,"[50] and "plaintiff specifically alleged that, as a result of the accident sued upon, he has been unable to return to his regular employment for over a year."[51] Plaintiff does not allege and Defendant has not produced any evidence regarding the potential costs of surgery, nor have any facts been set forth as to Defendant's loss of earnings over the course of a year. Therefore, Defendant has not set forth any facts in controversy that support a finding that Plaintiff's claims exceed $75,000.

The removing party bears the burden of demonstrating that federal jurisdiction exists.[52] In light of all the evidence, Defendant has not demonstrated by a preponderance of the evidence that

---

[48] Rec. Doc. 8 at 4.

[49] *Simon*, 193 F.3d at 850.

[50] *Id*.

[51] *Id.*

[52] *See Allen*, 63 F.3d at 1335.

Plaintiff's claims, if proven, would exceed the jurisdictional minimum of $75,000. Moreover, the general damages alleged in this case are too vague for the Court to find by a preponderance of the evidence that they would satisfy the requisite amount in controversy. Therefore, the Court lacks subject matter jurisdiction over the instant action and will remand the case to state court.

## IV. Conclusion

Based on the reasons stated above, the Court finds that Defendant has not put forth sufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this __7th__ day of September, 2017.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**